THE STATE, WILLIAM WALLS, PROSECUTOR, v. THE
MAYOR AND ALDERMEN OF JERSEY CITY.

When the proceedings of the board of commissioners of assessment are irregular and not in conformity to the city charter, the landowner may review them by *certiorari*, notwithstanding the fact that the city

charter gives to the landowner who presents to the board of public works written objections to the award made to him, a right to bring suit and have a trial by jury.

On *certiorari.*

The question for decision is presented in the following state of the case agreed upon by the parties:

It is hereby stipulated that the return to this writ need include only the award made to the prosecutor for damage for change of grade, viz., $15.

It is further stipulated that the prosecutor duly remonstrated against any change of grade in front of his property, and that the change of grade was ordered notwithstanding his remonstrances; that the amount awarded the prosecutor was awarded under a misapprehension that his land was vacant and unoccupied; that in fact the prosecutor's property was occupied, and that his damage resulting from the change of grade was substantially and greatly in excess of the amount of the award; that the prosecutor failed, through ignorance, to present the written objections to said award contemplated by sections 41 and 58 of the city charter, and therefore was deprived of the remedy given by section 44 of the said charter, and sued out this *certiorari.*

It is further stipulated that after the confirmation of the award, the commissioners of assessment discovered their error and adjudged that the real damage to the prosecutor was $500, and agreed to award the same if the corporation counsel was of opinion that they had the legal power to do so, and were advised by him that notwithstanding the assessment for benefits had not been made, they had no such power.

It is further stipulated that the assessment for benefits arising from such change of grade has not yet been made.

Dated February 21st, 1893.

COLLINS & CORBIN,
*Attorneys of prosecutor.*

WILLIAM D. EDWARDS,
*Corporation counsel.*

Argued at February Term, 1893, before Justices VAN SYCKEL and GARRISON.

For the plaintiff, *Collins & Corbin.*

For the defendants, *William D. Edwards.*

The opinion of the court was delivered by

VAN SYCKEL, J.   Section 58 of the charter of Jersey City (*Pamph. L.* 1871, *p.* 1122), which authorizes a change of grade of a street, provides for the payment of damages to landowners thereby injured, and enacts that the proceedings for such change shall correspond as nearly as may be to the proceedings for opening a street.

Section 41 of the city charter, which governs the proceedings for opening streets, provides - that damages are to be awarded to injured landowners by a board of commissioners of assessment.

Section 44 of the city charter provides that any person who shall have presented to the board of public works written objections to the award made by the commissioners, may bring an action for the damages he sustains by the public improvement.

The defendant insists that the prosecutor lost all remedy because he did not pursue that expressly given by the city charter.

Section 44 does not purport to take away from this court the right to review the proceedings of the board of commissioners of assessments for irregularity or illegality, and such will not be presumed to be the intention of the legislature, in the absence of express language to that effect.   *State* v. *Casady,* 9 *Vroom* 537.

Failure to proceed as prescribed by the forty-fourth section, deprives the landowner of the remedy by an action for damages ; and in such case, if the previous proceedings have been regular, he will be compelled to submit to the award.

In this case it is admitted the board of commissioners of

assessment did not perform their duty to the prosecutor. They made an assessment to him for land vacant and unoccupied, whereas his land was improved and occupied. He was entitled to the benefit of the judgment of the board of commissioners, and without that there was no legal award as to him. He might have been content with the award of the commissioners if they had performed their duty, and need not have incurred the expense of a suit.

The award, as to the prosecutor, should be set aside, with costs.